IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ANTHONY PRESCOTT, #2174108 §
§
VS. § CIVIL ACTION NO. 4:16cv879
§
DENTON COUNTY JAIL, ET AL. §

## ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that Plaintiff's case should be dismissed without prejudice. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Plaintiff filed objections. After conducting a *de novo* review of the objections raised by Plaintiff to the Report, the Court concludes they are without merit.

Plaintiff objects to the Report and Recommendation's finding that he failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act (PLRA). This was a threshold issue raised by Defendants in their motions to dismiss. Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citing *Leveto v. Lapina,* 258 F.3d 156, 161 (3rd Cir. 2001) ("a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). Failure to exhaust can be a basis for dismissal for failure to state a claim. *Jones*, 549 U.S. at 216. In fact, a complaint is subject to *sua sponte* dismissal for failure to state a claim where the prisoner's failure to exhaust

1

appears on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007); *Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 388–89 (5th Cir.2008); *Dillon v. Rogers*, 596 F.3d 260, 272 n. 3 (5th Cir.2010) (sua sponte dismissal is appropriate only where "failure to exhaust is apparent on the face of a plaintiff's complaint") (citing *Carbe*, 492 F.3d at 327–28). Plaintiff's complaint could have been properly dismissed *sua sponte*, as it "qualifies as one of those rare instances where the prisoner's failure to exhaust administrative remedies is clear on the face of the remainder of the complaint." *Torns*, 301 Fed. Appx. at 389.

Plaintiff's pleadings establish on their face that he filed his complaint prior to completing Denton County Jail's two-step exhaustion requirement:

> In several instances, Plaintiff has been presented with unreasonable barriers impeding Plaintiff's ability to present sufficient grievance history. Plaintiff has undergone apparent seizures of various documents and or the unauthorized adjustment of such to thwart plaintiff's efforts of obtaining judicial redress. In other instances, the clear and present danger of risk of imminent injury drastically outweighed precluded submission, or the timely submission of of [sic] grievances based on Defendants retaliatory responses increasing in frequency and severity, immediately plaintiff's use of the grievance procedure. Plaintiff routinely surcame [sic] to the fear of impending doom, coupled with the high level of pain and discomfort associated with reprisals, which were significant enough to prevent an individual trained to withstand before to halt pursuing grievances. Plaintiff has not had this type of training and unable to prevent attacks, additionally sought the assistance of the F.B.I., Denton Police and made a report to the P.L.R.A. Safe Prisons Authority concerning county misconduct. Ref. Attachments in Dkt. 1, Dkt. 19, Dkt. 43 and enclosed grievances.

(Dkt. # 62, p. 9) (Plaintiff's Third Amended Complaint, which is his "live pleading").

In his objections, Plaintiff asserts that, while he was out of custody for a period of time, he had possession of all his grievances, which he attached to Docket Entry Nineteen. Although Plaintiff was not required to attach copies of the grievance forms to his complaint, the Court has reviewed the pleadings, nonetheless, and finds that Plaintiff did not attach any Step Two grievances. Plaintiff

2

contends that the Denton County Jail was using the Step-One grievance forms for Step-Two. However, no duplicate case numbers appear on those grievances, which would be the case if Plaintiff had filed a Step-Two grievance.[1] Plaintiff's claim that Defendant Cordell failed to respond to his grievances is similarly without merit, as Cordell's signature appears on many of the grievances.

Plaintiff asserts that he could not comply with the required grievance procedure due to threats from the officers, as well as his mental illness. This objection lacks merit because Plaintiff filed numerous lengthy pleadings in this case, in addition to the many grievances he filed in Denton County jail. *See Ferrington v. Louisiana. Dep't of Corr.*, 315 F.3d 529, 532 (5th Cir.2002) ("Ferrington's alleged blindness clearly did not prevent him from filing this § 1983 action, from appealing a disciplinary hearing, or from filing prison grievances after his transfer to another facility. Nothing has prevented him from exhausting his available remedies").

In sum, Plaintiff fails to provide a valid basis for his objections or demonstrate how the Magistrate Judge's Report is incorrect. Although he was not required to attach copies of his grievance forms, Plaintiff concedes in his complaint (Dkt. # 62) and in his objections (Dkt. # 181) that he did not exhaust his administrative remedies, as required by the PLRA, and Defendants raised the affirmative defense in their pleadings. The Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

---

[1] In fact, several of the documents attached are not even proper grievance forms, but "inmate request forms," which are not a substitute for a grievance form, as the PLRA mandates proper exhaustion. *See Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir.2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal).

Accordingly, it is **ORDERED** Plaintiff's case filed pursuant to 42 U.S.C. § 1983 is **DISMISSED** without prejudice. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 11th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE